[Cite as *State v. Lawrence*, 2012-Ohio-837.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24725 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2001-CR-459 |
| v. | : | |
| | : | |
| PHILLIP H. LAWRENCE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

PHILLIP H. LAWRENCE, #414-996, Warren Correctional Institution, Post Office Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Phillip H. Lawrence appeals from the denial of his motion for leave to file a delayed motion for a new trial, without a hearing, and without any explanation of the trial court's reason for denying his motion.

{¶ 2}  The State argued in the trial court, and argues here, that the trial court was without jurisdiction to consider Lawrence's motion for leave to file a delayed motion for a new trial, because an appeal to this court was pending when that motion was filed.  The State cites *State, ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), for that proposition.

{¶ 3}  On the authority of *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37, we conclude that the trial court had jurisdiction to consider Lawrence's motion.

{¶ 4}  Since no basis is presented in this record for the trial court's denial of Lawrence's motion for leave to file a delayed motion for a new trial, other than the State's erroneous argument that the trial court had no jurisdiction to grant the motion, the trial court's order from which this appeal is taken is Reversed, and this cause is Remanded for consideration of Lawrence's motion for leave to file a delayed appeal.

## I.  The Course of Proceedings in the Trial Court.

{¶ 5}  In 2001, Lawrence was convicted of Murder and sentenced to imprisonment from eighteen years to life.  He appealed.  We affirmed.  *State v. Lawrence*, 2d Dist. Montgomery No. 19059, 2002-Ohio-5533.

{¶ 6}  In early 2011, Lawrence was re-sentenced to correct an error in his original sentencing entry.  He appealed from the order re-sentencing him.  We affirmed. *State v. Lawrence*, 2d Dist. Montgomery No. 24513, 2011-Ohio-5813.

{¶ 7}  While Lawrence's 2011 appeal was pending in this court, he filed his

own, pro se motion for leave to file a delayed motion for a new trial. He attached his own affidavit and the affidavit of Bobby Ray Groce to his motion. Groce, in his affidavit, averred that he was a witness to the fatal shooting in 2000 that resulted in Lawrence's Murder conviction, and that the shooter was not Lawrence. Groce further averred that about "8 or 9 months" after Groce arrived at the Warren Correctional Institute on April 30, 2010, he became aware that a fellow inmate, Lawrence, was serving time for that shooting; that he approached Lawrence with this information; and that upon being asked by Lawrence to do so, signed an affidavit. In his affidavit, Lawrence averred that he did not meet Groce until he met him in prison, and that he would not, therefore, have previously known that Groce had exculpatory information.

{¶ 8} In its memorandum in opposition to Lawrence's motion, the State simply cited *State, ex rel. Special Prosecutors*, supra, for the proposition that the pendency of an appeal from the re-sentencing entry "has deprived [the trial court] of the authority to grant Lawrence the relief he seeks * * * ."

{¶ 9} The trial court, without a hearing, overruled Lawrence's motion in the following entry:

> This matter is before the Court on Defendant's Motion of Defendant for Leave to file delayed motion for new trial filed May 2, 2011 and Defendant's Motion for Bill of Particulars filed May 27, 2011.
>
> After due consideration of the issues raised therein, the Court hereby **OVERRULES** Defendant's Motion for leave to file delayed motion for new trial and motion for bill of particulars.

{¶ 10}     From the order denying his motion for leave to file a delayed motion for a new trial, Lawrence appeals.

## II.   The Trial Court Had Jurisdiction to Consider

## the Motion for Leave to File a Delayed Motion for a New Trial.

{¶ 11}     Lawrence's sole assignment of error is as follows:

{¶ 12}   "THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE WITHOUT FIRST MAKING THE REQUIRED FINDINGS TO DO SO."

{¶ 13}     Where a motion for a new trial "lack[s] serious substantive grounds," there is no need for a trial court to make findings of fact.  *State v. Girts*, 112 Ohio App.3d 539, 566, 700 N.E.2d 395 (8th Dist. 1997) ; cited approvingly in *State, ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 1999-Ohio-343, 711 N.E.2d 683.  Therefore, we are not prepared to hold, on the sparse record of this appeal, that the trial court necessarily had to make findings of fact in denying Lawrence's motion for leave to file a delayed motion for a new trial.

{¶ 14}     The problem we are presented in this appeal is that the trial court gave no indication of its reason or reasons for denying Lawrence's motion, and the State, in responding to Lawrence's motion, argued simply that the trial court was without jurisdiction to consider it, because an appeal from the re-sentencing entry was then pending.  We conclude from this record that Lawrence's motion was denied for the reason that the trial court concluded that it was without jurisdiction to consider the motion.

{¶ 15}     The basis for Lawrence's motion was newly discovered evidence that he was unavoidably prevented from discovering within the 120-day period following the verdict,

which is provided for in Crim. R. 33(B). The subject of the pending appeal had to do with sentencing issues, unrelated to the newly-discovered-evidence issue.

{¶ 16} In *State v. Davis*, 2011-Ohio-5028, ¶37, the Supreme Court of Ohio has held that: "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." Neither Lawrence's original appeal, decided in 2002, nor his 2011 appeal, involved the issue of the newly discovered evidence that is the basis for his motion for leave to file a delayed motion for a new trial. Therefore, we conclude that the trial court did have jurisdiction to consider Lawrence's motion, despite the fact that an appeal on an unrelated issue was pending.

{¶ 17} In its brief, the State acknowledges *State v. Davis*, but "submits," without explanation, that *Davis* "did not give Lawrence the ability to seek a new trial under Crim. R. 33 at the same time he was challenging the amended judgment itself in a direct appeal." We conclude that *Davis* does, in fact, recognize Lawrence's ability to do so.

{¶ 18} In fact, even before *State v. Davis*, our understanding of the holding in *State, ex rel. Special Prosecutors* has been that it would merely prevent a trial court from granting a motion for a new trial, thereby vacating the judgment, while that judgment was pending on appellate review:

While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant

the motion to withdraw appellee's plea of guilty and to proceed with a new trial. *Id.* at 55 Ohio St.2d 97-98. *Id.*, at 55 Ohio St.2d 97-98.

{¶ 19} Thus, even under our prior understanding of *State, ex rel. Special Prosecutors*, that decision would not have prevented the trial court from taking the preliminary step of deciding a motion for leave to file a delayed motion for a new trial; the granting of leave to file a delayed motion for a new trial would not vacate the underlying judgment on review.

{¶ 20} A convicted defendant in the position that Lawrence avers himself to have been in is understandably anxious to file a motion for leave to file a delayed motion for a new trial soon, lest he be deemed to have sat on his rights. See *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001-Ohio-1528, p. 4; cited in *State v. Kimbrough*, 8th Dist. Cuyahoga No. 84863, 2005-Ohio-1320, ¶ 18. Accordingly, a defendant in Lawrence's position ought not to be penalized for filing a motion for leave to file a delayed motion for a new trial promptly upon discovery of new evidence, merely because an appeal is pending.

{¶ 21} In any event, we see no reason why *State v. Davis*, supra, does not control this issue. The trial court erred when it denied Lawrence's motion for the apparent reason, as urged by the State, that it was without jurisdiction to grant his motion. Lawrence's sole assignment of error is sustained.

### III. Conclusion.

{¶ 22} Lawrence's sole assignment of error having been sustained, the order of the trial court denying his motion for leave to file a delayed motion for a new trial is Reversed, and this cause is Remanded for consideration of that motion – the motion for leave to file a

delayed motion for a new trial – on its merits.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Phillip H. Lawrence
Hon. Gregory F. Singer