[Cite as *State v. Bailey*, 2017-Ohio-7350.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Michael Kevin Bailey

Appellant

Court of Appeals No. L-16-1278

Trial Court No. CR0197407065

**DECISION AND JUDGMENT**

Decided: August 25, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Michael Kevin Bailey, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michael Bailey, appeals from the October 18, 2016 judgment of the Lucas County Court of Common Pleas denying his motion to correct a postsentencing investigation report. Because we find the trial court lacked jurisdiction over this matter, we affirm.

**{¶ 2}** On appeal, appellant asserts the following assignments of error:

ASSIGNMENT OF ERROR NUMBER ONE:

The Trial Court committed prejudicial error by failing to comply with O.R.C. Sections 2951.03(B)(1&5) when it dismissed the "Motion To Correct Inaccuracies In Post-Sentence Investigation Report" without addressing the merits of the factual inaccuracies alleged.

ASSIGNMENT OF ERROR NUMBER TWO:

The Trial Court committed prejudicial error by failing to correct past, present, future, and on-going acts of Falsification prohibited under O.R.C. Sections 2951.13(A)(1, 2, 3, 7& 11) when it dismissed the "Motion To Correct Inaccuracies In Post-Sentence Investigation Report" without addressing the merits of the violations of law alleged.

ASSIGNMENT OF ERROR NUMBER THREE:

The Trial Court committed prejudicial error by failing to comply with the Due Process of Law guaranteed (sic) under the 14th Amendment to the United States Constitution when it dismissed the "Motion To Correct Inaccuracies In Post-Sentence Investigation Report" without addressing the merits of the factual inaccuracies alleged.

**{¶ 3}** Appellant was convicted by a jury of aggravated murder in 1975 and sentenced to a life term of imprisonment, with a mandatory sentence of 15 years. The

2.

sentence was affirmed on appeal to this court and the Ohio Supreme Court declined to accept a discretionary appeal.

{¶ 4} Appellant alleges that in 1986, a postsentence investigation report was prepared for the Ohio Parole Board for purposes of creating a candidate information sheet for the Ohio Parole Board in October 1999 and has been used by the Ohio Parole Board thereafter at every parole hearing to assess his parole suitability. Appellant first learned of the report on August 3, 2016. He contends that the report contains substantive inaccuracies directly contradicted by trial testimony and evidence. Furthermore, in 2011, appellant learned that his Lucas County Court of Common Pleas file was lost and the prosecutor supplied a statement of the facts of the case, which appellant asserts is incorrect.

{¶ 5} Appellant filed a post-trial motion to correct the inaccuracies in the postsentence investigation report. His motion was denied October 18, 2016, without explanation. Appellant appealed from that judgment and we have consolidated appellant's three assignments of error for review.

{¶ 6} Where no presentence investigation report was prepared before sentencing, the director of rehabilitation and correction or a designee may order a postsentence investigation report to be prepared by the department field staff and the report shall contain the same information as a presentence investigation report. R.C. 2951.03(A)(2) and 5120.16(A).

3.

**{¶ 7}** Appellant's post-trial motion to correct the report prepared under R.C. 2951.03 did not invoke the continuing subject-matter jurisdiction of the Lucas County Court of Common Pleas following conviction. *Compare State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37. Without subject-matter jurisdiction, the trial court could not adjudicate whether the report was accurately prepared and, if incorrect, order a correction. Therefore, we find the trial court properly dismissed appellant's motion. Appellant's three assignments of error are found not well-taken.

**{¶ 8}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                                 JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, J.              _____
CONCUR.                                                JUDGE

_____
                                                 JUDGE

4.