[Cite as *State v. Hayden*, 2022-Ohio-3574.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29490 |
| | : | |
| v. | : | Trial Court Case No. 1990-CR-308 |
| | : | |
| ROBERT O. HAYDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 7th day of October, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ROBERT O. HAYDEN, #A226-375, P.O. Box 5500, Chillicothe Correctional Institution, Chillicothe, Ohio 45601
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Robert O. Hayden appeals from the trial court's denial of his motion for leave to file a delayed motion for a new trial. According to Hayden, the trial court improperly applied a "reasonable-time filing requirement" to his motion for leave and failed to follow the law-of-the-case doctrine. For the reasons that follow, we affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} In 1990, Hayden was convicted of rape with a prior aggravated felony specification and was sentenced to a prison term of ten to twenty-five years. At trial, his former girlfriend testified that Hayden had repeatedly raped her in the morning hours of December 31, 1989, after she refused to watch a pornographic movie with him; Hayden did not testify. Samples from the vaginal swab and vaginal aspirate collected from the victim were examined by the Miami Valley Regional Crime Lab. The results of the sperm fraction of the vaginal aspirate were said to be inconclusive because the victim and Hayden had similar blood types. Pubic hairs were also recovered from the victim. Due to Hayden's race, he was excluded as a source of the pubic hair, but it was possible that the hair belonged to the victim, who was a different race.

{¶ 3} On direct appeal, we affirmed, commenting that "the credibility of the witnesses was the critical question before the trial court. The only direct evidence of the offense of rape came from the victim; [the evidence] to the contrary was hearsay produced by those who at a later time heard [Hayden] simply deny the offense. The conflict of evidence of the offense is created by a self serving statement made to others, containing

virtually no factual information." *State v. Hayden*, 2d Dist. Montgomery No. 12220, 1991 WL 215065, *2 (Sept. 27, 1991).

{¶ 4} Over the next 25 years, Hayden filed numerous petitions for postconviction relief and applications for postconviction DNA testing. All of these petitions and applications were denied by the trial court and affirmed on appeal. A more detailed discussion of the procedural history is set forth in our prior decisions, most notably *State v. Hayden*, 2d Dist. Montgomery No. 24992, 2012-Ohio-6183, and *State v. Hayden*, 2d Dist. Montgomery No. 26524, 2015-Ohio-3262.

{¶ 5} Hayden filed a motion for a new trial in January 2017. He asserted that the trial testimony of prosecution witness Laura Kiddon, an employee at the Miami Valley Regional Crime Lab, exonerated him. The trial court denied this motion, and we affirmed the denial on appeal. *State v. Hayden*, 2d Dist. Montgomery No. 27589, 2017-Ohio-9308. We concluded, in part:

> Upon review, we conclude that Hayden's assignments of error fail for at least four reasons. First, his new-trial motion was extraordinarily untimely under both R.C. 2945.80 and Crim.R. 33(B). Hayden was convicted in 1990, his new-trial motion does not involve any newly-discovered evidence, and the trial court made no finding about him being unavoidably prevented from timely filing. Second, Hayden did not request leave to file his untimely new-trial motion. Third, res judicata bars consideration of the arguments raised in Hayden's new-trial motion (and in the affidavit he filed after the trial court's ruling). * * * Fourth, it appears that

Hayden's argument about blood typing actually has been raised.

*Id.* at ¶ 6.

{¶ 6} On March 15, 2022, Hayden filed a "Motion For Leave to File a Delay Motion for a New Trial Pursuant to Criminal Rule 33(A)(1)." In his motion, Hayden contended that he had "had no knowledge of the grounds of the 'irregularity' of the established proceedings until the decision in" *State v. Hayden*, 2d Dist. Montgomery No. 23620, 2010-Ohio-3908. According to Hayden, our decision in 2010 meant that he "cannot be held accountable or 'as a' contributor to any biological material evidence in this case." Hayden then asked the trial court to apply the law of the case doctrine and grant his motion for leave to file a motion for a new trial. He attached to his motion a copy of our opinion from 2010 and a copy of excerpts from the testimony of Laura Kiddon relating to DNA analysis.

{¶ 7} On May 10, 2022, the trial court overruled Hayden's motion for leave to file a delayed motion for a new trial. The court concluded:

A review of Hayden's Motion for Leave to file a delayed motion for new trial reveals that the issue presented, that is, DNA evidence, has been repeatedly litigated before this court and the Second District Court of Appeals, and has previously been the subject of Hayden's prior motion seeking a new trial. Still further, Hayden's motion for leave was filed approximately thirty-two years after trial and over eleven years after the DNA results were obtained here. The court finds that Hayden has failed to make any showing that he was unavoidably prevented from filing his motion,

or from discovering the allegations upon which he premises his motion, and thus has failed to meet his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. Hayden failed [to] address the issue of his untimely motion. Still further, Hayden's motion is devoid of any affidavits to support his claims. Finally, given that Hayden has filed prior motions based upon the same arguments, and those arguments have been the subject of prior decision by this court and the Second District Court of Appeals, the claims made by Hayden herein are res judicata. This court lacks the authority to extend the time to file a motion for new trial, other than as set forth in Crim.R. 33. The court finds that Hayden has failed to support his motion for leave and has failed to meet his burden of proof for leave to file an untimely motion for leave to file a motion for new trial[.]

May 10, 2022 Decision, p. 6-7.

{¶ 8} Hayden filed a timely notice of appeal from the trial court's denial of his motion for leave.


II.     The Trial Court's Decision Is Supported by Res Judicata and the Plain Language of Crim.R. 33

{¶ 9} Hayden's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S CRIMINAL RULE 33(B) MOTION AS BEING

UNTIMELY VIOLATING HIS DUE PROCESS OF LAW.

**{¶ 10}** Hayden contends that an irregularity in the proceedings was the basis for his motion for a new trial.   Crim.R. 33(A), which sets forth the authorized bases for a new trial, provides, in part:

Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

**{¶ 11}** Crim.R. 33(B) addresses the deadlines for bringing an application for a new trial.   It provides:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been

waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 12} In short, except for motions based on newly discovered evidence under Crim.R. 33(B), a motion for new trial "shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * *." Crim.R. 33(B). In contrast, a motion for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *." *Id.*

{¶ 13} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009-CA-84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 2001-CA-33, 2002-Ohio-3649. To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B).

{¶ 14} We review the trial court's denial of leave to file a motion for a new trial for an abuse of discretion. *State v. Devaughns*, 2d Dist. Montgomery No. 25826, 2015-Ohio-452, ¶ 15. An abuse of discretion occurs when the decision of a court is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} Hayden contends that the trial court improperly applied a "reasonable-time requirement" when it overruled his motion for leave. Hayden points out that the Ohio Supreme Court recently held that it is improper for courts to require a petitioner to file his motion for a new trial within a reasonable period of time after discovering the new evidence on which he relies because this requirement is not contained in Crim.R. 33. Brief of Appellant, p. 1-2, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470.

{¶ 16} We acknowledge that the trial court discussed in its May 10, 2022 Decision a reasonable time requirement that had been utilized by courts prior to the *Bethel* decision. But the trial court did not reject Hayden's motion for leave because it was not made within a reasonable time after discovering new evidence or an alleged irregularity in the proceedings. Rather, the trial court rejected Hayden's appeal because: 1) it was barred by res judicata; 2) he failed to make any showing that he had been unavoidably prevented from filing his motion or from discovering the allegations upon which he premised his motion; and 3) his motion was devoid of any affidavits to support his claims.

{¶ 17} We agree with the trial court that Hayden's motion for leave was precluded by res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Reed*, 2d Dist. Montgomery No. 26526, 2015-Ohio-3051, ¶ 26, quoting *State v. Collins*, 2d Dist.

Montgomery No. 25612, 2013-Ohio-3645, ¶ 9. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), syllabus, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104, (1967), paragraph nine of the syllabus. "Additionally, arguments advanced in a successive motion for a new trial may be barred by the doctrine of res judicata." *State v. Quinn*, 2d Dist. Clark No. 2017-CA-102, 2018-Ohio-5279, ¶ 23, citing *Reed* at ¶ 28 (where appellant "previously filed a motion for a new trial," res judicata bars use of a successive new trial motion to raise issues that could have been asserted in the prior motion).

**{¶ 18}** Moreover, Hayden failed to make any showing that he was unavoidably prevented from filing his motion or from discovering any evidence upon which he premised his motion. Rather, Hayden complains of a "reasonable-time requirement" that was not relied on by the trial court. Therefore, the trial court did not abuse its discretion in denying Hayden's motion for leave to file a delayed motion for new trial.

**{¶ 19}** Hayden's first assignment of error is overruled.

III.     Hayden Has Not Established How The Law-of-the-Case Doctrine Supports His Cause

**{¶ 20}** Hayden's second assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO FOLLOW THE LAW OF THE CASE DOCTRINE AGAIN VIOLATING APPELLANT'S DUE PROCESS OF LAW.

{¶ 21} Hayden contends that "Here in the case at bar, the issue of R.C. 2953.71.71(I) [sic] *has never been addressed in the trial court,* the applicable law was only address in this court in *State v. Hayden* 2010 Ohio 3908, making it the law of the case at the trial and all reviewing level." (Emphasis sic.) Brief of Appellant, p. 5.

{¶ 22} "The law-of-the-case doctrine holds that 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 30, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). We are uncertain what exactly Hayden is contending constitutes the law of the case from our decision in *State v. Hayden*, 2d Dist. Montgomery No. 23620, 2010-Ohio-3908, that also supports his motion for leave. In that decision, we affirmed the trial court's denial of Hayden's request for DNA testing. Therefore, it is unclear how anything we said in that decision constituted the discovery of new evidence or of an irregularity in the trial court proceeding. Rather, the decisions of the trial court and our decisions on appeal consistently have found neither an irregularity in the trial court proceedings nor a reversible error.

{¶ 23} As explained above, the trial court's denial of Hayden's motion for leave is required by res judicata and the plain language of Crim.R. 33. The second assignment of error is overruled.

IV.    Conclusion

{¶ 24} Both of Hayden's assignment of errors having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and EPLEY, J., concur.




Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Robert O. Hayden
Hon. Mary Katherine Huffman