[Cite as *State v. Runion*, 2024-Ohio-193.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-025 |
| | : | O P I N I O N |
| - vs - | | 1/22/2024 |
| | : | |
| LANCE RUNION, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21CR37880

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Kidd & Urling LLC, and Thomas W. Kidd, Jr., for appellant.

**PIPER, J.**

{¶ 1} Appellant, Lance Runion, appeals a decision of the Warren County Court of Common Pleas denying his motion to withdraw a guilty plea.

{¶ 2} On February 15, 2021, four Warren County Sheriff's deputies were dispatched to Runion's home to perform a wellness check. Upon arriving, Deputy Sara Vaught approached Runion's home to make contact with him. When Deputy Vaught

reached the front porch, Runion opened the door and discharged a firearm directly at the deputy's head. Deputy Vaught narrowly dodged the bullet and sustained only minor physical injuries as a result. The entire altercation was recorded by Runion's doorbell camera, which was played and described for the trial court at Runion's sentencing hearing.

{¶ 3} Runion was indicted on one count of attempted aggravated murder, one count of attempted murder, and one count of felonious assault. Each of the three counts carried firearm specifications. Runion pled guilty as charged and the matter proceeded to sentencing. Many of the charges and specifications merged for sentencing purposes, and the state elected to proceed with the attempted aggravated murder charge and its accompanying seven-year firearm specification. The trial court sentenced Runion to an indefinite prison term of ten to 15 years for the attempted aggravated murder charge, and a consecutive seven-year prison term for the firearm specification.

{¶ 4} We affirmed Runion's conviction and sentence. *State v. Runion*, 12th Dist. Warren. No CA2021-10-095, 2022-Ohio-2461. In that appeal Runion argued that he was denied effective assistance of counsel when he pled to the indictment and his counsel offered no evidence to mitigate the sentence. He also challenged the constitutionality of the Reagan Tokes Law. Runion later filed with the trial court a motion to withdraw his guilty plea and vacate his sentence. He alleged he received ineffective assistance of counsel and that his guilty plea was not voluntary. The trial court denied the motion. Runion now appeals the trial court's decision, raising one assignment of error.

{¶ 5} In this current appeal Runion again argues that his trial counsel was ineffective this time arguing that his guilty plea to the indictment was not voluntary. However, we need not address Runion's assignment of error as the trial court lacked jurisdiction to hear Runion's motion. *State v. Kwambana*, 12th Dist. Clermont No.

CA2016-08-060, 2017-Ohio-1406, ¶ 5.

{¶ 6} Absent a remand from a higher court, a trial court is without jurisdiction to decide a post-guilty plea motion after the appellate court has affirmed the appellant's conviction and sentence on direct appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978); *State v. Asher*, 12th Dist. Butler No. CA2013-12-234, 2015-Ohio-724; *State v. Allen*, 12th Dist. Warren No. CA2006-01-001, 2006-Ohio-5990. As determined by the Ohio Supreme Court, Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *Special Prosecutors* at 98.[1]

{¶ 7} Therefore, the appeal is dismissed for want of jurisdiction.

{¶ 8} M. POWELL, J., concurs.

{¶ 9} S. POWELL, P.J., dissents.

{¶ 10} **S. POWELL, P.J., dissenting.**

{¶ 11} I respectfully dissent from the majority opinion dismissing this appeal for lack of jurisdiction. I would find that the trial court had jurisdiction and I would affirm the trial court's denial of Runion's motion to withdraw his guilty plea on the basis of res judicata.

{¶ 12} The majority dismisses the appeal on the basis *Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978), stating "absent a remand from a higher court, a trial court is without jurisdiction to decide a post-guilty plea motion after

---

1. Like Runion's post-guilty plea motion, *Special Prosecutors* involved a post-guilty plea motion also pursuant to Crim. R. 32.1. In *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, the court was considering a *post-trial* motion. In noting the distinction, the supreme court took the opportunity to specify that the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over post-trial motions. *Id.* at ¶ 37. The *Davis* Court was not reviewing a post-guilty plea motion to withdraw a guilty plea as governed by Crim.R. 32.1.

the appellate court has affirmed the appellant's conviction and sentence on direct appeal."

{¶ 13} Runion's direct appeal raised ineffective assistance of counsel as to mitigation only, and he challenged the constitutionality of the Reagen Tokes Law. As stated in the majority, we overruled those errors and affirmed. However, Runion raised a new issue on ineffective assistance of counsel in his motion below. He argues his plea was involuntary because his attorney told him he had no choice but to plead guilty. This was not raised in the direct appeal. The trial court ruled that the issue could have been raised on direct appeal and as such is res judicata.

{¶ 14} I would find that the issue raised by Runion's motion to withdraw his guilty plea and raised in this appeal was properly before the trial court pursuant to *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028. The Ohio Supreme Court in *Davis* noted that the issues in Davis's earlier appeal were not related to the present issue in his motion for a new trial. His present issue alleged that newly discovered evidence warranted a new trial. The Ohio Supreme Court went on to state that "*Special Prosecutors* does not bar the trial court's jurisdiction over post-trial motions permitted by the Ohio Rules of Criminal Procedure." *Davis* at ¶ 37. They stated, "we hold that a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id.* Runion's motion to withdraw his guilty plea (because ineffective counsel made his plea involuntary) is one permitted by Crim.R. 32.1. Runion's motion raises an issue not ruled upon previously by this court. For that reason, I would find the trial court had jurisdiction to rule on the merits of the motion.

{¶ 15} Had Runion's direct appeal raised the issue of the voluntariness of the plea, either directly or by virtue of ineffective counsel, I would agree that *Special Prosecutors* applies, that the trial court lacked jurisdiction and that the appeal should be dismissed.

That not being the case, I would find that the trial court had jurisdiction and I would affirm the trial court's denial of Runion's motion to withdraw his guilty plea on the basis of res judicata.

{¶ 16} For these reasons, I respectfully dissent from the opinion of my learned colleagues.