[Cite as *State v. Lawson*, 2016-Ohio-7607.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.    103699

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAMELA A. LAWSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592484-B

**BEFORE:**    Boyle, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 3, 2016

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, Ohio    44119


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Anna M. Faraglia
            Jeffrey Schnatter
Assistant County Prosecutors
1200 Ontario Street, 9th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Pamela Lawson, pleaded guilty to a single count of aggravated murder carrying a three-year firearm specification in connection with the shooting of her former boyfriend ("the victim"). Lawson, who was living with the victim, along with her two children and the victim's six-year- old disabled daughter, recruited codefendant Lekev Spivey to shoot and kill the victim while she and the children were all present. The trial court sentenced her to 33 years to life in prison. Lawson challenges her sentence, raising the following single assignment of error:

> The court's sentence is contrary to Ohio law and the trial court failed to give Miss Lawson an individualized sentencing hearing in light of her personal mitigating circumstances in violation of Ohio statutes and the Sixth, Eighth and Fourteenth Amendments of the federal Constitution and Article I, Section 10 of the Ohio Constitution.

**{¶2}** Finding no merit to the appeal, we affirm.

**{¶3}** In her sole assignment of error, Lawson attacks her sentence as being contrary to law. She argues that the trial court failed to properly apply R.C. 2929.12 and consider the mitigating factors weighing in her favor when the court imposed life in prison with parole eligibility after serving 30 full years imprisonment. Lawson further attacks her sentence as being disproportionate to her codefendant who received a lesser sentence. We have no authority, however, to review or modify the sentence imposed based on the arguments raised.

**{¶4}** Lawson was convicted of aggravated murder under R.C. 2903.01(A), which carries a life sentence. *See* R.C. 2929.02(A). Pursuant to R.C. 2929.03(A)(1)(a)-(d), the life sentence can either be without or with parole eligibility after serving 20 to 30 years. In this case, Lawson was sentenced to life in prison, with parole eligibility after serving 30 full years imprisonment as set forth in R.C. 2929.03(A)(1)(d). Although Lawson believes her sentence is too harsh, she acknowledges that her sentence falls within the statutory range for aggravated murder.

**{¶5}** R.C. 2953.08(D)(3) provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." We therefore have consistently recognized that R.C. 2953.08(D)(3) expressly excludes sentences imposed for aggravated murder from appellate review. *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170, ¶ 66, citing *State v. White*, 8th Dist. Cuyahoga No. 101576, 2015-Ohio-2387, ¶ 67-68. As this court has previously explained, the general felony sentencing statutes are inapplicable to aggravated murder because "aggravated murder is governed by a special statutory scheme, carries a mandatory punishment, is not classified by degree of felony, and is expressly exempted from * * * sentencing requirements applicable to felonies of lesser degrees." *State v. Hollingsworth*, 143 Ohio App.3d 562, 567, 758 N.E.2d 713 (8th Dist.2001); *see also State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 62 (applying *Hollingsworth*).

**{¶6}** In *Jackson*, the defendant raised the exact argument that Lawson presents, arguing that the trial court failed to properly consider mitigating evidence in the record, thereby rendering his sentence contrary to law. In rejecting the defendant's claim, we specifically noted that evidentiary review of a sentence imposed by a trial court pursuant to R.C. 2929.03 is precluded. *Id.* at ¶ 64; *see also State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 29-31 (defendant's claim that he was remorseful and had no prior criminal record, that his crime "stemmed from a failed relationship that seemed to have provoked [his] behavior" and that mitigating factors warranted a lesser sentence was not subject to appellate review under R.C. 2953.08(D)(3)). Indeed, the Ohio Supreme Court has made clear that R.C. 2953.08(D)(3) is "unambiguous" and "a sentence for aggravated murder imposed pursuant to R.C. 2929.02 to 2929.06 cannot be reviewed." *Jackson* at *id.*, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690. Accordingly, pursuant to R.C. 2953.08(D)(3), we lack statutory authority to review Lawson's sentence for aggravated murder on an evidentiary basis and overrule the sole assignment of error.

**{¶7}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR