[Cite as *State v. Hill*, 2020-Ohio-3271.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190337 |
| | | TRIAL NO. B-0107283-A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CURTIS HILL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: June 10, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.,* for Defendant-Appellant.

Per Curiam.

{¶1} Defendant-appellant Curtis Hill appeals the Hamilton County Common Pleas Court's judgment dismissing his Crim.R. 32.1 motion to withdraw his guilty pleas. We affirm the court's judgment.

{¶2} Hill was convicted in 2002 upon guilty pleas to aggravated robbery and two counts of kidnapping, along with accompanying firearm specifications. The trial court sentenced him to prison terms totaling 31 years and included in the judgment of conviction notice that, "[a]s part of the sentence in this case, the defendant is subject to the post release control supervisions of R.C. 2967.28."

{¶3} In the direct appeal, we rejected Hill's challenges to his sentences and to the voluntary nature of his guilty pleas, concluding that, "[i]n accepting Hill's pleas, the trial court complied with the requirements of Crim.R. 11(C)," and that "Hill entered his pleas knowingly and voluntarily." *State v. Hill*, 1st Dist. Hamilton No. C-020137, 2002-Ohio-7079, ¶ 1 and 2. For those reasons, we affirmed the trial court's findings of guilt. But we remanded for resentencing on the firearm specifications. On remand, Hill was resentenced to prison terms totaling 28 years. He took no direct appeal from that judgment.

{¶4} Hill also challenged his convictions in postconviction motions filed with the common pleas court in 2006, 2017, and 2018. In the 2018 motion from which this appeal derives, Hill sought to withdraw his guilty pleas pursuant to Crim.R. 32.1. He argued that his pleas had not been entered knowingly, because the trial court failed, as required by Crim.R. 11(C)(2)(a), to advise him during the plea colloquy that his sentences would include mandatory five-year terms of postrelease control. The common pleas court dismissed the motion for lack of jurisdiction.

{¶5} In this appeal, Hill presents a single assignment of error challenging the dismissal of that motion. The challenge is untenable.

2

{¶6} The due-process protections afforded by Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution require that a guilty or no-contest plea "represent[ ] a [knowing,] voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To that end, Crim.R. 11(C)(2)(a) requires that a trial court, before accepting a guilty plea, determine that the defendant understands the nature of the charges against him and the maximum penalty involved. A trial court does not comply with Crim.R. 11(C)(2)(a) if the court does not advise the defendant during the plea colloquy that his sentence will include a term of postrelease control. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph one of the syllabus.

{¶7} A claim of noncompliance with Crim.R. 11(C)(2)(a) with respect to postrelease control may be raised in support of a challenge to the knowing, intelligent, or voluntary nature of a plea, either on direct appeal or in a Crim.R. 32.1 motion to withdraw the plea. *Sarkozy* at paragraph one of the syllabus. But that claim, when advanced in a postsentence Crim.R. 32.1 motion, is barred under the doctrine of res judicata, if the claim was or could have been raised on direct appeal. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (holding that res judicata generally bars a defendant from raising a claim in a postsentence Crim.R. 32.1 motion that was or could have been raised on direct appeal). *Accord State v. Straley,* Slip Opinion No. 2019-Ohio-5206, ¶ 23-27 (holding that res judicata barred a Crim.R. 32.1 claim of noncompliance with Crim.R. 11(C)(2)(a) in not advising that sentences were mandatory).

{¶8} Hill pled guilty to three first-degree felonies, for which he was subject to concurrent mandatory five-year terms of postrelease control. *See* R.C. 2967.28(B)

and (F)(4)(c) and former R.C. 2929.14(F)(1) (superseded on September 30, 2011, and currently governed by R.C. 2929.14(D)(1)). Before accepting his guilty pleas, the trial court did not, as required by Crim.R. 11(C)(2)(a), advise him that his sentences would include postrelease control. Noncompliance with Crim.R. 11(C)(2)(a) with respect to postrelease control was not raised in Hill's 2002 direct appeal, but underlay the challenge to the "knowing" nature of his guilty pleas presented in his 2018 Crim.R. 32.1 motion to withdraw those pleas.

{¶9} The trial court's failure to even mention postrelease control during the plea colloquy relieved Hill of the burden of demonstrating that he had been prejudiced by noncompliance with Crim.R. 11(C)(2)(a). *See Sarkozy* at ¶ 22. Thus, the noncompliance claim presented in his Crim.R. 32.1 motion did not depend for its resolution upon evidence outside the record of the proceedings resulting in his pleas and could have been raised on direct appeal. The claim was, therefore, barred by res judicata.

{¶10} Moreover, the common pleas court lacked jurisdiction to entertain Hill's noncompliance claim. A trial court has no jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea after the conviction based upon that plea has been affirmed in the direct appeal, when the issue presented in the motion does not depend for its resolution upon evidence outside the record of the proceedings leading to that conviction and thus could have been raised on direct appeal. *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978) (holding that Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do"); *State v. West*, 1st Dist. Hamilton No. C-150587, 2017-Ohio-5596, ¶ 10-20 (following *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, to hold that an appeals court's decision affirming a conviction upon a guilty plea does not

deprive a lower court of jurisdiction to entertain a postsentence Crim.R. 32.1 motion to withdraw that plea, if the issue presented by the motion could not have been raised on direct appeal).

{¶11} Finally, a court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the Ohio Supreme Court in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, recently "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment" and held that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable," not void. *Id.* at ¶ 4-6 and 41. Thus, the trial court's error in failing to mention postrelease control during the plea colloquy rendered Hill's convictions voidable, not void, because the trial court had personal jurisdiction over Hill and jurisdiction to accept his guilty pleas and to convict him upon those pleas.

{¶12} The common pleas court had no jurisdiction to entertain Hill's Crim.R. 32.1 motion. Accordingly, we affirm the court's judgment dismissing the motion.

Judgment affirmed.

**MOCK, P.J., ZAYAS** and **MYERS, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.