[Cite as *State v. Lawson*, 2022-Ohio-3332.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff- Appellee,            :

                     No. 111288

        v.                             :

PAMELA A. LAWSON,                       :

    Defendant-Appellant.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 22, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-592484-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo and Kristen Hatcher, Assistant Prosecuting Attorneys, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender*, for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Appellant-defendant Pamela Lawson filed a motion to withdraw her guilty plea several years after her conviction for aggravated murder was affirmed by this court. She claimed the guilty plea was not knowing, intelligent, and voluntary because of her trial counsel's defective performance during the plea proceeding. The trial court found it lacked jurisdiction to entertain the motion. We agree and affirm the trial court's decision.

**Background**

{¶ 2} In 2015, Lawson was indicted for aggravated murder, murder, felonious assault, and endangering children. Pursuant to a plea agreement, she pleaded guilty to aggravated murder with a three-year firearm specification and received a prison sentence of 33 years to life. On appeal, she raised a single assignment of error challenging her sentence as being contrary to law. This court affirmed the trial court's judgment in *State v. Lawson*, 8th Dist. Cuyahoga No. 103699, 2016-Ohio-7607.

{¶ 3} As summarized by this court, the circumstances of the case involved Lawson recruiting codefendant Lekev Spivey to kill Lawson's former boyfriend, who was shot by Spivey in the residence the victim shared with Lawson, her two daughters, and the victim's six-year-old disabled daughter, in the presence of all of them.

{¶ 4} In 2016, Lawson filed a postconviction petition. She alleged that she suffered bipolar disorder and past sexual abuse and, therefore, there should have

been a psychological examination regarding her mental illness issues in the plea proceeding. She attached unsworn affidavits from several individuals regarding her good character and past sexual abuse she suffered. The trial court denied the petition, finding that Lawson failed to present new evidence to support her claims and that, in any event, the claims were barred by res judicata. Lawson did not appeal from the denial.

{¶ 5} In 2021, Lawson filed the instant motion to withdraw the guilty plea. She attached to the motion only her own affidavit. She claimed her plea was not knowing, intelligent, or voluntary due to trial counsel's ineffective assistance. In the affidavit, she stated that counsel provided her "bad advice," did not communicate with her about various aspects of the plea, and engaged in no negotiation on her behalf; she also stated that she was diagnosed with bipolar disorder and PTSD in 2005 and had sought mental health help in 2011, and that a mental health evaluation would have proved her state of mind at the time of the plea.

{¶ 6} The trial court denied Lawson's motion to withdraw the guilty plea, citing its lack of jurisdiction to consider the motion after the court of appeals affirmed her conviction on direct appeal. Lawson raises a single assignment of error, claiming that the trial court erred in holding that it lacked jurisdiction to consider her motion to withdraw the guilty plea.

**Law and Analysis**

{¶ 7} We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839,

129 N.E.3d 404, ¶ 13. Furthermore, when a defendant enters a guilty plea, he or she generally waives all errors that may have occurred unless such errors have precluded the defendant from entering a knowing, intelligent, and voluntary plea. *See, e.g.*, *State v. Wilson*, 8th Dist. Cuyahoga No. 105876, 2018-Ohio-3666, ¶ 6.

{¶ 8} As Lawson acknowledges in her brief on appeal, this court has consistently held that, pursuant to *State ex rel. Special Prosecutors v. Judges*, *Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), a trial court has no jurisdiction to entertain a defendant's motion to withdraw the plea under Crim.R. 32.1 after the appellate court affirms the defendant's convictions. The Supreme Court of Ohio held in that case that "Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id.* at 97.

{¶ 9} The holding of *Special Prosecutors* has been consistently applied by this and other appellate courts. "[O]nce the convictions have been affirmed on appeal, the trial court no longer may entertain a postsentence motion to withdraw a guilty plea under Crim.R. 32.1." *State v. Jones*, 8th Dist. Cuyahoga No. 110855, 2022-Ohio-1674, ¶ 16, citing *State v. Hill*, 1st Dist. Hamilton No. C-190337, 2020-Ohio-3271, ¶ 10; *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 11; *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260, ¶ 10; *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, ¶ 5; *State v. Bains*, 8th Dist. Cuyahoga No. 98845, 2013-Ohio-2530, ¶ 21; *State v. Torres*, 9th Dist. Medina No. 19CA0076-M, 2020-Ohio-3691, ¶ 7; *State v. Davic*, 2021-Ohio-131,

166 N.E.3d 681, ¶ 16-22 (10th Dist.); and *State v. Peters*, 12th Dist. Clermont No. CA2015-07-066, 2016-Ohio-5288, ¶ 8. *See also State v. Darling*, 8th Dist. Cuyahoga No. 109439, 2021-Ohio-440; *State v. Mitchell*, 8th Dist. Cuyahoga No. 109178, 2020-Ohio-3726, ¶ 7; and *State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 14.

{¶ 10} Lawson, however, asks this court to "clarify the present state of its jurisprudence" on this issue in light of *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, a death penalty case decided by the Supreme Court of Ohio 11 years ago. In that case, appellant filed a motion for a new trial under Crim.R. 33 based on newly discovered evidence, which consisted of the affidavit of a DNA expert opining that the state's DNA evidence was questionable. The court of appeals, relying on *Special Prosecutors*, held that the trial court did not have jurisdiction to entertain Davis's motion for a new trial after his conviction had been affirmed on appeal. The Supreme Court of Ohio disagreed, explaining that "*Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." It held that "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id.* at ¶ 37.

{¶ 11} In the wake of *Davis*, the appellate courts were confronted with the question of whether *Davis*, which concerns a motion for new trial, could be applied to a motion to withdraw a guilty plea. Several districts, including this district, found the word "posttrial" significant and determined *Davis* only applied to a motion for

a new trial. *See, e.g., State v. Panning*, 3d Dist. Van Wert No. 15-15-11, 2016-Ohio-3284; *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550; *State v. Perry*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547; and *State v. Crangle*, 9th Dist. Summit No. 25735, 2011-Ohio-5776.[1]

{¶ 12} Following the well-established case law precedents, therefore, we find no abuse of discretion by the trial court in denying Lawson's motion on the ground that it lacked jurisdiction to consider her Crim.R. 32.1 motion after her conviction had been affirmed on direct appeal. Citing *State v. West*, 2017-Ohio-5596, 93 N.E.3d 1221 (1st Dist.), where the First District applied *Davis* to a Crim.R. 32.1 motion, Lawson asks us to change our jurisprudence on this issue.

{¶ 13} *West* involved highly unique circumstances. The appellant in that case was convicted of sexual battery, and was also adjudicated as a sex offender, which required him to register for ten years in Ohio. After his release from prison, appellant relocated to Florida and learned that his sexual battery conviction subjected him to a lifetime registration requirement in Florida. He then filed a motion to withdraw the guilty plea, claiming his plea was not knowing because his trial counsel failed to advise him of Florida's lifetime sex-offender registration

---

[1] Lawson acknowledges that this court held in *Moon* and *Perry* that a trial court lacks jurisdiction to consider a defendant's motion to withdraw a guilty plea under Crim.R. 32.1 after an appellate court has affirmed the defendant's convictions on direct appeal. She claims, however, that those cases are procedurally distinguishable because in those cases the defendant *had* challenged the validity of the plea on direct appeal. In both cases, however, this court found the trial court lacked jurisdiction without considering whether the guilty-plea issue had been raised on direct appeal.

requirement even though counsel had known his intention to relocate to Florida upon his release from prison.

{¶ 14} The First District addressed the trial court's jurisdiction over appellant's motion to withdraw the guilty plea under these circumstances. Citing *Davis's* holding that "the lower court does have jurisdiction, when the issue presented by the motion [for a new trial] could not have been raised in the direct appeal because it depends for its resolution upon evidence outside the record in that appeal," *id.* at ¶ 10, the First District framed the issue on appeal as "whether, in the wake of *Davis,* [131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516,] a court has jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea filed after the conviction upon that plea has been affirmed on direct appeal, *when the issue presented by the motion could not have been raised on direct appeal.*" (Emphasis added.) *West* at ¶ 12. The trial court found the distinction between a "posttrial" Crim.R. 33(A)(6) motion for a new trial and a "postsentence" Crim.R. 32.1 motion to withdraw a guilty plea to be immaterial and answered the question in the affirmative. The court stated that "we join those districts in holding that an appeal court's decision affirming a judgment of conviction does not deprive a lower court of jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea, when the issue presented by the motion *could not have been raised on direct appeal.*" (Emphasis added.) *Id.* at ¶ 20. However, the court then found the trial court did not abuse its discretion in denying the motion because appellant did not support his

claim with an affidavit or any evidence demonstrating his counsel had failed to advise him concerning Florida's sex-offender registration requirement.

{¶ 15} Appellant in *West,* 2017-Ohio-5596, 93 N.E.3d 1221, also raised a claim of actual innocence in his motion to withdraw the guilty plea, attaching to his motion an affidavit from the victim averring that appellant had never molested him. The court construed the claim as alleging that the guilty plea was not voluntary because appellant felt compelled to accept the plea agreement offering reduced charges for fear that the victim would falsely testify against him at trial and he would be convicted of more serious offenses. The First District determined that the trial court abused its discretion in not holding a hearing to assess the claim.

{¶ 16} This case is distinguishable from *West* due to the unique circumstances present in that case, where appellant could not have raised in his direct appeal the issue of Florida's stricter registration requirement or the claim of actual innocence predicated on the victim's recanting affidavit. Here, Lawson's claim that her plea was not knowing, voluntary, and intelligent due to counsel's allegedly defective performance during the plea proceeding could have been raised in her direct appeal. As such, the instant case does not present an occasion for us to consider whether to adopt the holding from *West*. The holding that once the convictions have been affirmed on appeal, the trial court lacks jurisdiction to

entertain a motion to withdraw the guilty plea under Crim.R. 32.1 remains the precedent of this district.[2]

{¶ 17} We note that, even if we were to apply *Davis* to a motion to withdraw the guilty plea, for the trial court to exercise jurisdiction over such a motion, there must be evidence that is "newly discovered" and "the specific issue has not been decided upon direct appeal." *Davis,* 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, at ¶ 37. Here, Lawson did not submit any "newly discovered" evidence — she only attached her own affidavit alleging counsel's defective assistance, and her failure to raise that issue on direct appeal is why the issue has not been decided upon

---

[2] Lawson also cites *State v. Staffrey*, 7th Dist. Mahoning Nos. 10 MA 130 and 10 MA 131, 2011-Ohio-5760, and *State v. Lauharn*, 2d Dist. Miami No. 2011 CA 10, 2012-Ohio-1572. In *Staffrey*, appellant claimed counsel provided erroneous information regarding the sentence. The Seventh District cites *Davis*'s holding that "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal" and stated that "merely because the defendant appealed the conviction and the cause was affirmed on appeal, does not mean that the trial court is necessarily deprived of jurisdiction over the Crim.R. 32.1 post-sentence motion to withdraw a guilty plea." Without any further analysis, the court then determined that res judicata barred the claims raised on the motion to withdraw the guilty plea because the claims could have been raised in appellant's direct appeal.

*Lauharn* involves a different procedural posture. During the pendency of his direct appeal, appellant filed a motion to withdraw his guilty plea claiming his trial counsel provided erroneous advice about his sentence. The trial court denied the motion and appellant filed a motion for reconsideration, alleging he was under the influence of certain medications at the time of the plea and his counsel failed to report it to the trial court. The Second District held that the trial court lacked jurisdiction to rule on the motions during the pendency of the direct appeal. The court then noted in passing that, pursuant to *Davis*, the trial court would have jurisdiction to address the motions after the direct appeal was concluded. The *Davis* issue was neither analyzed nor dispositive in these cases, and we decline to rely on them as guiding precedents.

direct appeal. Her failure cannot be a ground for granting the motion to withdraw the guilty plea.

{¶ 18} Finally, we observe that even if, for argument's sake, the trial court had jurisdiction to entertain Lawson's motion, her claim that her plea was not knowing, intelligent, or voluntary due to counsel's allegedly defective performance could have been raised on direct appeal and is, therefore, barred by the principle of res judicata.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR