[Cite as *State v. Hill*, 2023-Ohio-373.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                          No. 111554

    v. :

DEVONTA HILL, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 9, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-619532-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kristen Hatcher, Assistant Prosecuting
Attorney, *for appellee*.

Patituce & Associates, LLC, Mallorie A. Thomas, Megan
M. Patituce, and Joseph C. Patituce, *for appellant*.

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Devonta Hill appeals the judgment of the Cuyahoga County
Court of Common Pleas denying his motion to withdraw guilty plea. After a

thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} The underlying procedural facts of this matter were outlined in *State v. Hill*, 8th Dist. Cuyahoga No. 111288, 2019-Ohio-1647 ("*Hill I*"):

> [Appellant] entered guilty pleas in Cuyahoga C.P. Nos. CR-17-620652-A, CR-17-619532-A, CR-17-614209-A, and CR-17-615444-B. Appellant was represented by retained counsel in all four cases.
>
> After pretrial negotiations, appellant pled guilty to amended indictments in all four cases on March 5, 2018. The trial court accepted appellant's guilty pleas to the four amended indictments, ordered a presentence investigation report, and scheduled the matter for sentencing on April 11, 2018. The sentencing hearing was rescheduled a total of four times, in part because the trial court indulged appellant's attempts to rally witnesses on his behalf. According to appellant, these witnesses were to provide evidence of appellant's innocence in Cuyahoga C.P. No. CR-17-619532-A ("619532").
>
> In 619532, on August 15, 2017, the Cuyahoga County Grand Jury indicted appellant in a five-count indictment. The indictment included Counts 1 and 2, rape, in violation of R.C. 2907.02(A)(2), first-degree felonies, with firearm specifications in violation of R.C. 2941.141(A), a notice of prior conviction specification in violation of R.C. 2929.13(F)(6), and a repeat violent offender specification in violation of R.C. 2941.149(A); Count 3, kidnapping, in violation of R.C. 2905.01(A)(4), a first-degree felony, with a firearm specification in violation of R.C. 2941.141(A), a sexual motivation specification in violation of R.C. 2941.147(A), a notice of prior conviction specification in violation of R.C. 2929.13(F)(6), and repeat violent offender specification in violation of R.C. 2941.149(A); Count 4, gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony; and Count 5, having weapons while under a disability, in violation of R.C. 2923.13(A)(2), a third-degree felony.
>
> On May 9, 2018, after previously rescheduling the sentencing hearing three times, appellant's counsel addressed the trial court and stated that appellant expressed to him that he wished to withdraw his guilty plea in 619532.

[APPELLANT'S COUNSEL]: [A]fter [appellant] entered his plea we became aware of a situation that might allow me to present a credible defense with regard to the rape case based on —

THE COURT: That is 619532.

[APPELLANT'S COUNSEL]: That is correct. As soon as I found out that that opportunity may have arisen in the form of a witness that I needed to speak with, I was informed by the county jail that that person had left jail and was capiased. Not being able to put anything credible before the [c]ourt with regard to a motion, I was prepared and was talking to [appellant] today about going forward with the sentencing.

When I found out for the first time that the gentleman in question was picked up on his warrant and is capiased in the state of Michigan and was returned to county jail as of Saturday, I did not know he was in custody on Monday or Tuesday. So I'm asking for one last opportunity to speak with him, and it's my understanding that — or my request that I be given a very brief window in between my client, his family, and the opportunity to mount a defense or put together a motion in good faith that I can present before this [c]ourt. I'm asking that we wrap this up and I be given till Monday to have that happen.

* * *

The trial court then granted appellant's counsel's request for a continuance, and the matter was again rescheduled for sentencing on May 14, 2018.

Appellant was apparently unsuccessful in his attempts to locate these witnesses. On May 14, 2018, the subject of appellant's motion to withdraw his plea was again discussed.

[APPELLANT'S COUNSEL]: I think at this moment the record should reflect the [c]ourt's patience and understanding with regard to attempts by my client to have me offer on his behalf a bona fide motion to withdraw the plea on at least three occasions. The [c]ourt's continued the sentencing in order to accommodate

supposed witnesses that were to surface in jail, one who was capiased for a while.

And most recently, I was given the date of Friday to file in good faith to give the [s]tate of Ohio time to prepare, should that discussion be pertinent to today. As the docket reflects, and the [c]ourt is aware, I could not file that motion in good faith so it was not offered, and we're here today.

That being said, on more than one occasion, each time in getting ready for sentencing, I have reviewed the presentence investigation. I find no major additions or corrections. I've made every effort with regard to what I can do from my perspective to find the supposed witnesses that were to provide exculpatory testimony with regard to at least the rape case.

That being said, my client, he's here with family: Mom, grandfather. I've known [appellant] for several years; this isn't the first case — cases that I've represented him on. They've always been there for him. I believe the family and I have done all that we can. I know that [appellant] wants to be heard in mitigation. I'm really sorry that we're at this crossroads in his life and that he didn't make better choices. I guess the rest of what has to be said is best said by him.

[APPELLANT]: Your Honor, well, I been thinkin' for the past couple court dates, I been tryin' to withdraw my plea. The most recent reason why I was tryin' to withdraw my plea, I had a witness or whatever and he got arrested, and he said the detectives came to him and told him, basically talk him into not comin' into court, sayin' he couldn't come and basically threaten him on his case that he had.

Also I feel that I'm not guilty, on none of the charges I copped out to. Every sentencin' date I been tryin' to get in here to withdraw my plea. The day I did cop out to my plea, I couldn't even really — I didn't even really comprehend, until I got back to my cell, look at my court docket see all the charges I copped out to. It's like I'm throwin' my life away. I feel this ain't the right — this ain't the right way of me goin' on about this case.

I want to start trial. I got more witnesses on my behalf that's willin' to come. That's where I'm at right now.

THE COURT: [Prosecuting attorney]?

[PROSECUTING ATTORNEY]: Yes, your Honor. In terms of the defendant's what appears like his request to withdraw his plea, your Honor, * * * the standard is knowingly, intelligently, and voluntarily entered into, [y]our [h]onor. At all points in time, this [c]ourt went through a detailed colloquy with [appellant] to ensure that he understood his change of plea, understood the charges that he was changing his plea to, the potential penalties of a plea, and I believe this [c]ourt also asked him if that entering into a plea was voluntary. At that point in time, [appellant] indicated that he understood.

This [c]ourt answered any questions that [appellant] posed at that time, and [appellant] entered into the change of plea, [y]our [h]onor. So the [s]tate would object to any withdrawal of plea at this time.

*Hill I* at ¶ 2-6.

{¶ 3} The trial court did not rule on appellant's request to withdraw his plea and proceeded to sentencing. The trial court sentenced appellant on all four cases to an aggregate prison term of 13 years. Appellant appealed his conviction and sentence, arguing as error that the trial court abused its discretion by failing to hold a hearing on his oral motion to withdraw his guilty plea.

{¶ 4} This court affirmed the judgment of the trial court, finding that the trial court did not err in declining to hold a hearing on appellant's motion. Appellant made his request on his own, and his counsel did not join in the motion. The panel determined that the trial court could not entertain his pro se motion while appellant was represented by counsel and therefore properly denied the motion. *Hill I* at ¶ 14.

{¶ 5} Sometime after the disposition of appellant's cases, appellant's trial counsel, Michael Cheselka ("Cheselka"), was suspended from the practice of law by the Supreme Court of Ohio, based upon multiple instances of professional misconduct during his representation of six clients. *Disciplinary Counsel v. Cheselka*, 159 Ohio St.3d 3, 2019-Ohio-5286, 146 N.E.3d 534. Cheselka ultimately resigned from the practice of law in 2021. *In re Resignation of Cheselka*, 164 Ohio St.3d 1227, 2021-Ohio-236, 173 N.E.3d 518.

{¶ 6} Nearly three years after *Hill I* was decided, appellant filed a new motion to withdraw plea, arguing that he had newly discovered evidence that he was subject to ineffective assistance of counsel with regard to his plea. Appellant asserted that the suspension and later resignation of Cheselka for professional misconduct constituted newly discovered evidence with regard to his case.

{¶ 7} The state opposed the motion, and the trial court denied it without analysis. Appellant then filed the instant appeal, raising two assignments of error for our review:

> 1. The trial court abused its discretion in denying appellant's motion to withdraw plea pursuant to Crim.R. 32.1 based on the holding in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), which directly conflicts with the 2011 Ohio Supreme Court decision in *State v. Davis,* 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, which clarified that the *Special Prosecutors* does not apply to postconviction motions permitted pursuant to the Ohio Rules of Criminal Procedure.
>
> 2. The trial court abused its discretion by denying appellant's motion to withdraw plea based on the ineffective assistance of counsel supported by newly discovered evidence.

## II. Law and Analysis

{¶ 8} Appellant's assignments of error are intertwined; therefore, we shall address them together. In his motion to withdraw plea, appellant asserted that his counsel's representation was "so procedurally deficient * * * that it resulted in the inducement of his guilty plea based upon erroneous, deceiving, and wholly inaccurate 'legal advice.'" Specifically, appellant argued that Cheselka advised him that appellant's DNA had been found in the victim's anal cavity but the DNA report shows that there was no foreign DNA collected from the victim's anal swabs. Appellant maintains, albeit without any supporting evidence, that Cheselka showed him a DNA report for an entirely different defendant. Appellant asserts that he denied the veracity of the DNA results but because of his counsel's advice, he felt he had no choice but to plead guilty. He contends that his plea was consequently involuntary because it was based upon Cheselka's incompetent and materially false legal advice.

{¶ 9} In addition to the DNA report issue, appellant asserts that Cheselka made further erroneous statements regarding his ability to go to trial on only one case and failed to advise him that the other cases could have not been joined. Appellant further argues that Cheselka was ineffective for failing to subpoena, or even speak to, his alibi witnesses. Finally, appellant contends that Cheselka was ineffective for failing to file a presentence motion to withdraw his plea.

{¶ 10} We review a trial court's decision regarding a defendant's postsentence motion to withdraw a guilty plea under an abuse-of-discretion

standard. *State v. Simmons*, 8th Dist. Cuyahoga No. 109786, 2021-Ohio-1656, ¶ 19. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse "'"implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 11} A motion to withdraw a guilty plea is governed by Crim.R. 32.1. This rule provides, "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "The defendant bears the burden of establishing the existence of 'manifest injustice.'" *State v. Hobbs*, 8th Dist. Cuyahoga No. 109706, 2021-Ohio-852, ¶ 6, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "Manifest injustice is 'a clear or openly unjust act,'" "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *Simmons* at ¶ 20, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998); *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30.

{¶ 12} In his first assignment of error, appellant appears to argue that the trial court erred in denying his motion on the grounds that it lacked jurisdiction to

consider it. As noted above, the trial court denied appellant's motion without analysis and thus we do not know if the grounds for denial were jurisdictional or on its merits. Regardless, we find that the trial court did not have jurisdiction to consider the motion.

{¶ 13} This court has consistently held that, pursuant to *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), a trial court has no jurisdiction to entertain a defendant's motion to withdraw the plea under Crim.R. 32.1 after an appellate court affirms the defendant's convictions. The Supreme Court of Ohio held in *Special Prosecutors* that

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id*. at 97.

{¶ 14} *Hill I* was appellant's direct appeal of his conviction and sentence. While the only issue raised by appellant was whether the trial court failed to hold a hearing on appellant's oral motion to withdraw his guilty plea and failed to assert any arguments regarding his plea, the opinion still constituted an affirmance of appellant's convictions and sentence. After this court affirmed appellant's

convictions, the trial court had no jurisdiction to consider his subsequent motion to withdraw plea.

{¶ 15} Appellant argues that *Special Prosecutors* conflicts with *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, and encourages us to follow *Davis*. We disagree that the cases conflict; this court has already held that *Davis* only applies to motions for a new trial. *See State v. Lawson*, 8th Dist. Cuyahoga No. 111288, 2022-Ohio-3332. As explained by this court in *Lawson*:

> In [*Davis*], appellant filed a motion for a new trial under Crim.R. 33 based on newly discovered evidence, which consisted of the affidavit of a DNA expert opining that the state's DNA evidence was questionable. The court of appeals, relying on *Special Prosecutors*, held that the trial court did not have jurisdiction to entertain Davis's motion for a new trial after his conviction had been affirmed on appeal. The Supreme Court of Ohio disagreed, explaining that "*Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure." It held that "a trial court retains jurisdiction to decide a motion for a new trial based on newly discovered evidence when the specific issue has not been decided upon direct appeal." *Id*. at ¶ 37.
>
> In the wake of *Davis*, the appellate courts were confronted with the question of whether *Davis*, which concerns a motion for new trial, could be applied to a motion to withdraw a guilty plea. Several districts, including this district, found the word "posttrial" significant and determined *Davis* only applied to a motion for a new trial. *See, e.g., State v. Panning*, 3d Dist. Van Wert No. 15-15-11, 2016-Ohio-3284; *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550; *State v. Perry*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547; and *State v. Crangle*, 9th Dist. Summit No. 25735, 2011-Ohio-5776.

*Id*. at ¶ 10-11.

{¶ 16} Because the instant matter involved a motion to withdraw plea under Crim.R. 32.1 rather than a motion for a new trial, *Davis* does not have any bearing on this matter. As noted in *Lawson*, even if we were to apply *Davis* to the instant

matter, appellant must have presented "newly discovered evidence" where "the specific issue was not decided upon direct appeal." *Id.* at ¶ 17, quoting *Davis* at ¶ 37.

{¶ 17} Appellant did not submit any "newly discovered evidence." The only evidence presented by appellant in support of his motion was his own self-serving affidavit and a lab report. The allegations in appellant's affidavit detailing his complaints about Cheselka's representation were known to him at the time of his conviction and sentencing and certainly at the time for his direct appeal. While he states that he learned "later" that his DNA was not found in the victim's anal cavity, as Cheselka had told him, appellant does not provide any further evidence in support of this assertion. Moreover, appellant makes no showing as to how Cheselka's suspension and later resignation constituted "newly discovered evidence" relating to his case. Appellant did not file a grievance against Cheselka, and thus any of the disciplinary proceedings had no bearing on appellant's case.

{¶ 18} Both of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS (WITH SEPARATE OPINION)


MARY EILEEN KILBANE, J., DISSENTING:

{¶ 1} I respectfully dissent from the majority opinion. I would find that the suspension of Devonta Hill's attorney, pursuant to *Cheselka*, 159 Ohio St.3d 3, 2019-Ohio-5286, 146 N.E.3d 534, and his related resignation as addressed in *In re Resignation of Cheselka*, 164 Ohio St.3d 1227, 2021-Ohio-236, 173 N.E.3d 518, constituted "newly discovered evidence" "of an issue not determined in Hill's direct appeal." *Lawson*, 8th Dist. Cuyahoga No. 111288, 2022-Ohio-3332, at ¶ 17.

{¶ 2} Hill filed his first appeal on June 11, 2018, and argued the trial court abused its discretion when it failed to hold a hearing on Hill's oral motion to withdraw his presentence guilty plea. The *Cheselka* decision, which was released on December 24, 2019, found "Cheselka acted with a dishonest or selfish motive, committed multiple offenses, engaged in a pattern of misconduct, failed to cooperate in the disciplinary process, submitted false statements in the disciplinary process, refused to acknowledge the wrongful nature of his conduct, caused harm to vulnerable clients, and failed to make restitution." *Cheselka* at ¶ 29.

{¶ 3} I would find that Cheselka's pattern of misconduct amounted to "newly discovered evidence," and the trial court erred in denying Hill's motion to withdraw his postsentence guilty plea.  For these reasons, I respectfully dissent.