[Cite as *State v. Littlepage*, 2024-Ohio-2231.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230368 |
| | | TRIAL NO. B-1304393 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DANIEL LITTLEPAGE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal: June 12, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Daniel Littlepage,* pro se.

CROUSE, Judge.

{¶1} Defendant-appellant Daniel Littlepage appeals the judgment of the Hamilton County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw his guilty plea. Because the lower court lacked jurisdiction to entertain the motion, we modify the court's judgment to a dismissal and affirm the court's judgment as modified.

**Factual and Procedural History**

{¶2} Littlepage was convicted in January 2014 upon his guilty plea to aggravated murder with a gun specification, in connection with the shooting death of his brother. The trial court imposed an aggregate sentence of 23 years to life. He unsuccessfully challenged his conviction in his direct appeal and various postconviction motions filed between 2014 and 2020. *See State v. Littlepage*, 1st Dist. Hamilton No. C-140574 (Aug. 26, 2015) (affirming conviction); *State v. Littlepage*, 1st Dist. Hamilton No. C-140760 (Dec. 4, 2015) (affirming denial of petition for postconviction relief); *State v. Littlepage*, 1st Dist. Hamilton No. C-160918, 2018-Ohio-1382 (affirming denial of application for postconviction DNA testing); *State v. Littlepage*, 1st Dist. Hamilton Nos. C-170207 and C-170157, 2018-Ohio-2959 (affirming lower court's dismissal of motion to vacate sentence and motion requesting grand jury testimony); *State v. Littlepage*, 1st Dist. Hamilton No. C-180524 (Nov. 16, 2018) (affirming as modified the denial of a Crim.R. 32.1 motion); *State v. Littlepage*, 1st Dist. Hamilton No. C-190493 (Sept. 30, 2020) (affirming as modified the denial of successive postconviction petition).

{¶3} In December 2022, Littlepage moved to withdraw his guilty plea, arguing that the trial judge was biased against him and had tampered with court records. Specifically, Littlepage contends that although he had made a presentence motion to withdraw his guilty plea prior to the start of his sentencing hearing, which the trial court denied, this is not reflected in the sentencing transcript. He believes

2

that the trial judge colluded with the court reporter to alter the sentencing transcript. In support of this claim, he submits the unexecuted court reporter's certification page from the sentencing transcript.

{¶4} The state moved to dismiss the motion to withdraw, maintaining that the common pleas court lacked jurisdiction to consider it. The lower court agreed, and denied the motion. Littlepage now appeals.

**No Jurisdiction to Entertain Motion**

{¶5} In two assignments of error, Littlepage contends that the common pleas court abused its discretion by denying his Crim.R. 32.1 motion to withdraw his guilty plea and by failing to address whether a fraud was committed upon the court, and whether that fraud constituted a "manifest injustice" supporting his motion to withdraw. We consider these assignments together and overrule them because the common pleas court lacked jurisdiction to consider the Crim.R. 32.1 motion to withdraw.

{¶6} In *State v. Hill*, 1st Dist. Hamilton No. C-190337, 2020-Ohio-3271, this court noted:

> A trial court has no jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty plea after the conviction based upon that plea has been affirmed in the direct appeal, when the issue presented in the motion does not depend for its resolution upon evidence outside the record of the proceedings leading to that conviction and thus could have been raised on direct appeal. *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978) (holding that Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do"); *State v. West*, 2017-Ohio-5596, 93

3

N.E.3d 1221, ¶ 10-20 (1st Dist.) (following *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, to hold that an appeals court's decision affirming a conviction upon a guilty plea does not deprive a lower court of jurisdiction to entertain a postsentence Crim.R. 32.1 motion to withdraw that plea, if the issue presented by the motion could not have been raised on direct appeal).

*Id*. at ¶ 10.

{¶7} While it is unclear why Littlepage's copy of his sentencing transcript contains an unexecuted court reporter's certification page, the record demonstrates that the sentencing transcript was filed in Littlepage's direct appeal on November 21, 2014, and includes the executed court reporter's certification page. Thus, any challenge to the accuracy of the sentencing transcript could have been raised on direct appeal. Because Littlepage's challenge does not rely upon evidence outside the record of proceedings leading to the conviction, the trial court did not have jurisdiction to consider Littlepage's postsentence Crim.R. 32.1 motion to withdraw his guilty plea.

{¶8} Because the common pleas court lacked jurisdiction to entertain the Crim.R. 32.1 motion, the motion was subject to dismissal. Accordingly, we modify the judgment appealed from to reflect the dismissal of the motion and affirm the judgment as modified. *See* App.R. 12(A)(1)(a).

Judgment affirmed as modified.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.